UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Christopher Webb, | ) | CASE NO. 3:14 CV 1062 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| Myron C. Duhart, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a *pro se* state prisoner, brings this action pursuant to 28 U.S.C. § 1983. He has filed a motion and an amended motion to proceed *in forma pauperis* (Doc. Nos. 2, 4.) Plaintiff's motion to proceed *in forma pauperis* is granted. For the reasons stated below, however, his complaint is dismissed upon initial screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**Standard of Review**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action at any time under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A requires a district court to dismiss a complaint at the screening stage in which a prisoner seeks relief from a governmental entity, officer, or employee that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

**Analysis**

The plaintiff seeks monetary relief in this case under § 1983 from four defendants in connection with a criminal case: Myron C. Duhart, Julia R. Bates, Christopher Anderson, and Bruce W. Boerst, Jr. (*See* Doc. 1 at 1-2.) He alleges Defendants Bates and Anderson are prosecuting attorneys (*id*. at 6), and it appears from his pleading that Myron C. Duhart was the judge, and Bruce W. Boerst was his defense lawyer, in his criminal case. All of the named defendants are immune from suit, or cannot be sued, under Section 1983.[1] The Supreme Court has clearly held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore, prosecuting attorneys Bates and Anderson are immune. In addition, it is well-settled that judges generally are absolutely immune from civil suits for money damages, including suits brought under Section 1983, unless their actions are taken in a nonjudicial capacity or in the complete absence of all jurisdiction. *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). Plaintiff does not allege facts supporting a plausible exception to absolute judicial immunity. Finally, "[i]t is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983." *Jordan v. Kentucky*, 2009 WL 2163113, at *4 (6th Cir. July 16, 2009), citing *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, the plaintiff cannot assert a Section 1983 claim against

---

1 In order to state a cognizable claim under §1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

Defendant Boerst. In sum, the plaintiff has no viable claim against any of the defendants under Section 1983.

Furthermore, in order to state a claim upon which relief may be granted for purposes of 28 U.S.C. §§1915(e)(2)(B) and 1915A, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A). To survive a dismissal, the factual allegations must be enough to raise the right to relief above the speculative level "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Although a *pro se* pleading is held to a less stringent standard than formal pleadings drafted by lawyers, *pro se* plaintiffs still must satisfy the "facial plausibility" standard of *Iqbal* and *Twombly*. *Smith v. City of Cleveland*, 2014 WL 639833, at *2 (N.D. Ohio Feb. 18, 2014), citing *Stanley v. Vining*, 602 F.3d 767, 771 (2010). That is, a *pro se* plaintiff must meet basic pleading requirements, and a court is not required "to conjure allegations on [his] behalf." *Martin v. Overton*, 391 Fed. App'x 710, 714 (6th Cir. 2004).

Plaintiff's complaint, even liberally construed, does not meet basic pleading requirements. Although the plaintiff purports to use legal terms throughout his pleading and contends the defendants engaged in unconstitutional and other illegal and "fraudulent" conduct, his complaint is incomprehensible. He does not allege a discernible constitutional violation, or facts suggesting how the defendants were involved in a violation of his constitutional rights. Such a generalized pleading is insufficient to give the defendants fair notice of the plaintiff's

claim or the grounds on which it rests and fails to state a claim. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012). *See also Gilmore v. Corrections Corp.*, 92 Fed. App'x 188 (6th Cir. 2004) (*pro se* § 1983 complaint properly dismissed as frivolous where the complaint merely listed defendants' names in the caption and alleged constitutional violations but did not allege a factual basis demonstrating the defendants were involved in a constitutional violation). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678.

The plaintiff's complaint on its face is insufficient to allege a viable constitutional violation or that he is plausibly entitled to relief against any defendant under Section 1983.

### Conclusion

For all of the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. Further, the court certifies pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE